**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**NORTHERN  DIVISION**

| | |
|---|---|
| JASON DEBLOOIS, on behalf of himself and All other similar situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>JBS-SWIFT & CO.<br><br>and<br><br>SWIFT BEEF COMPANY<br>d/b/a MILLER BLUE RIBBON BEEF<br><br>Defendants. | **PROPOSED CLASS ACTION** |

**PLAINTIFFS' CLASS ACTION  AND**
**COLLECTIVE ACTION COMPLAINT**

Plaintiffs, Jason DeBloois, individually and on behalf of all other similarly

situated individuals ("Plaintiffs") either currently or formerly employed by Defendants

JBS-Swift & Co. and/or Swift Beef Company (hereafter collectively referred to as

"Defendant" or "JBS Swift"), at its meat processing facility in Hyrum (Cache County),

Utah, by and through their respective undersigned counsel, for their Class Action and

Collective Action Complaint against Defendants allege, upon information and belief,

except as to the allegations that pertain to the Named Plaintiff and his counsel, which are

based upon personal knowledge, as follows:

## I.      INTRODUCTION

1.      This is a Class Action lawsuit brought pursuant to Federal Rule of Civil

Procedure 23 by the Plaintiffs on behalf of themselves and all other similarly situated

current and former production and support employees of Defendants JBS Swift meat processing facility in Hyrum, Utah, for the purpose of obtaining relief under Utah state law for, *inter alia*, unpaid wages and unpaid overtime wages.

2.    The named Plaintiff also brings a collective action against Defendants under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of themselves and all other similarly situated current and former production and support employees at Defendants' meat processing facility in Hyrum, Utah for unpaid wages and unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

3.    At all times relevant to this Complaint, the Plaintiffs have or had worked at Defendants' meat processing facility located in Hyrum, Utah.

4.    During the class period in this case, Defendants have failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law.  The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, obtaining and sanitizing sanitary and safety equipment and clothing, obtaining tools, equipment and supplies necessary for the performance of their work, sharpening knives, "working" steels and all other activities in connection with these job functions, and walking between work sites after the first compensable work activity and before the last compensable work activity.  These unpaid work activities took place before and after paid time, and during unpaid meal breaks.

5.    At all times relevant to this Complaint, upon information and belief, Defendants have failed to pay their hourly employees for all of these compensable activities, despite

the fact that Plaintiffs spend as much as 30-40 minutes or more per day performing uncompensated work activities as described in this Complaint.

## II.  JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction in this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs and Defendants are citizens of the State of Delaware as defined by 28 U.S.C. § 1332(c), since Defendants are Delaware corporations, both of whose principal place of business is in Greeley, Colorado. Alternatively, this Court has jurisdiction over Plaintiffs' state law claims pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

7.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendants reside in this judicial district in that they regularly conduct business within this judicial district and thus are subject to personal jurisdiction within this judicial district.

## III.  PARTIES

8.      Plaintiff Jason DeBloois is a former employee at Defendants' Hyrum, Utah meat processing facility who was employed during the relevant class period in this case.

9.      Plaintiffs bring this class action for their Utah state law claims on behalf of themselves and all other putative class members employed at Defendants' meat

processing facility located in Hyrum, Utah ("Class members"). Moreover, the named

Plaintiffs assert federal claims under the Fair Labor Standards Act as a collective action

pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated

current and former employees who work or worked at Defendants' meat processing

facility located in Hyrum, Utah.

10.    Defendants JBS-Swift and Swift Beef Company are Delaware corporations that

operate a meat processing facility in Hyrum, Utah (located in Cache County, UT) under

the brand name "Miller's Blue Ribbon Beef." Upon information and belief, Swift Beef

Company is a wholly-owned subsidiary of the parent company JBS-Swift. Defendants

JBS-Swift and Swift Beef Company are corporations engaged in interstate commerce and

in the production of goods for commerce throughout the United States and have their

principal place of business in Greeley, Colorado. Defendants JBS-Swift and Swift Beef

Company can be served with original service of process at their registered agent for

service, CT Corporation System, 136 East South Temple, Suite 2100, Salt Lake City, UT

84111.

IV.        **CLASS ACTION ALLEGATIONS**

11.    The Named Plaintiff is an individual who is currently, or was within the

applicable period of limitations prior to the commencement of this action, employed by

Defendants at their meat processing facility in Hyrum, Utah. This matter is maintainable

as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and

(B), and Rule 23(b)(3), on behalf of a Class consisting of: current and former production

and support employees of the JBS-Swift/Miller's Blue Ribbon Beef meat processing

facility located in Hyrum, Utah.

12.     Plaintiffs believe that there are at least 2000 present and former production and support employees in the Class during the relevant Class period of September 17, 2004 to the present.

13.     Given the size of the facility involved (which has approximately 1000 current employees) and the systematic nature of Defendants' failure to comply with Utah statutory law, the members of the Class are so numerous that joinder of all members is impractical.

14.     The Named Plaintiffs' claims are typical of the claims of the Class members because they are or were hourly production and support workers who, like the Class members, sustained damages arising out of Defendants' unlawful compensation system as described in more detail herein.

15.     Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation.

16.     The facts and circumstances relating to Defendants' compensation system vis-à-vis production time and employment-related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Fed.R.Civ.P. 23.

17.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members.  Among the questions of law and fact common to Plaintiffs and the Class are:

      a.     Whether the work performed by Plaintiffs and the Class is included in the type of work Defendants employed Plaintiffs and the Class to perform;

b.     Whether the work performed by Plaintiffs and the Class is compensable under Utah state law;

c.     Whether Defendants have engaged in a pattern and/or practice in Utah of forcing, coercing, deceiving and/or permitting Plaintiffs and the Class to perform work for Defendants' benefit which was either not properly compensated or was not compensated at all;

d.     Whether Defendants have failed to permit full meal and rest periods as required by Utah law or other applicable state or federal regulations;

e.     Whether Defendants have failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

f.     Whether Defendants have failed to keep true and accurate time records for all hours worked by its employees as required by Defendants' own policies and Utah state law;

g.     Whether Defendants failed to pay Plaintiffs and the Class for all of the work Defendants required them to perform;

h.     Whether Defendants violated the Utah Payment of Wages Act ("UPWA"), Utah Code Ann. §§ 34-28-1 to 34-28-19;

i.     The nature and extent of class-wide injury and the measure of damages for the injury.

18.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that

numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendants' own employment records.

19.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

20.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

21.    Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## V.    COLLECTIVE ACTION ALLEGATIONS

22.    Defendants own and operate a meat processing facility in Hyrum, Utah. The complained of unlawful compensation system at issue in this Complaint has affected Defendants' present and former production and support employees uniformly at this location. At all times relevant to this Complaint, Defendants have utilized the same compensation system complained about herein.

23.    Under Defendants' wage compensation system, Plaintiffs and Class members who are production employees are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time." Defendants, as a matter of policy and practice, do not pay their employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing clothing and protective equipment, cleaning and sanitizing that equipment, sharpening knives, walking to their lockers and/or production line after already performing compensable activities, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies, tools and equipment needed for production line activities.  Defendants also requires their employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

24.    Pursuant to federal regulations and Defendants' own internal policies and procedures, Plaintiffs and Class members are required to wear special personal protective equipment ("PPE") for protection and sanitary reasons.  PPE includes, *inter alia*, shirts, pants, boots, plastic aprons, belly guards, wrist guards, mesh sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings.  Most of Defendants' employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury.  The PPE and other required gear are also

designed to protect Defendants' meat products from contamination by food borne diseases.

25.     Plaintiffs were paid an hourly wage and were not exempt from the wage and hour or overtime requirements set forth in the FLSA.

26.     As a consequence of the compensation system utilized by Defendants, Plaintiffs and Class members are not fully paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk from the supply rooms to their lockers and/or from their lockers to sanitation stations and then to production areas, and sanitize the required PPE, walk to production areas and don PPE.

27.     At the beginning of each workday, Plaintiffs and Class members are required to report to their lockers to don their uniforms.  Production employees must also obtain their PPE, walk to storage areas and obtain knives and other gear, sharpen knives, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE before paid time begins.  Plaintiffs are not paid for these work activities.

28.     Pursuant to Defendants' compensation system, employees are not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

29.     During their unpaid lunch and other unpaid breaks, Plaintiffs and Class members have to remove their PPE, clean their PPE, and then re-don it at the end of breaks.  These employees are not paid anything or are not fully paid for performing these work activities.

30.    After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, wait in line to wash the PPE, knives and other gear, wash their PPE, knives and gear, walk to their lockers, doff their uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers.

31.    According to Defendants' compensation system, Plaintiffs and Class Members are not paid during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear (as well as their own bodies), walk to lockers, doff uniforms and stow gear and uniforms.

32.    As a result of Defendants' compensation system, and other practices and policies followed by Defendants, Plaintiffs and Class members are not fully paid for all of the time that they work presently and they have not been paid for all of the time they have worked for several years.

33.    Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendants' meat processing facility in Hyrum, Utah and who were and/or continue to be deprived of their lawful wages under federal law in the same manner.

34.    Defendants' failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendants knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law. Defendants do not have authorization from any Plaintiff or class member to withhold, divert or deduct any portion of Plaintiffs' and class members' wages

that are at issue in this Complaint. Accordingly, Plaintiffs seek the imposition of a three-year statute of limitations on their Fair Labor Standards Act claims.

35.    Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendants have refused to fully compensate workers at their Hyrum, Utah facility for any of this time.

## V.    CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE UTAH PAYMENT OF WAGES ACT**
**Utah Code Ann. §§ 34-38-1 to 34-28-19**
**All Plaintiffs v. All Defendants**

36.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

37.    Upon information and belief, this cause of action has a four-year statute of limitations and thus would include claims from September 17, 2004 to the present time.

38.    As previously described, Defendants have failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as required by Utah law. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and uniforms, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and mousetraps and performing all other activities in connection with these job functions, before and after the start of their shift (i.e. pre and post "gang time"), and during unpaid meal breaks.

11

39.    Defendants' failure to pay Plaintiffs for these activities violates the Utah Payment of Wages Act ("UPWA"), Utah Code Ann. §§ 34-38-1 to 34-28-19.

40.    As a result of Defendants' repeated violations of the UPWA, Plaintiffs and class members have not received wages to which they were entitled under Utah state law. Accordingly, Plaintiffs and other putative class members are entitled to their unpaid wages, penalties, costs and attorneys' fees.

WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendants:

A.  That this Court order an accounting of lost wages for Plaintiffs and permit this action to go forward as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.  That this Court declare that Defendants' wage payment and overtime practices are unlawful; and

C.  That this Court award lost wages, statutory penalties, interest, costs and attorney's fees.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et seq.
### All Plaintiffs v. All Defendants

41.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

42.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendants were and are obligated to pay employees at a rate equal to one and one-half

times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

43.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendants, because they failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

44.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

45.    Plaintiffs are also entitled to a three-year statute of limitations for their claims because the actions of the Defendants were willful in that they knew or should have known that their failure to pay Plaintiffs for time worked was in violation of federal law.

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

A.  That this Court order an accounting of lost wages for Plaintiffs;

B.  That this Court enjoin Defendants from continuing to commit unlawful practices related to wages;

C.  That this Court permit this action to go forward as a "collective action" pursuant to 29 U.S.C. § 216(b); and

D.  That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees for a statute of limitations period of three years.

Respectfully submitted,

/s/ Marlin J. Grant

MARLIN J. GRANT (UT Bar No. 4581)
Olson & Hoggan, P.C.
130 South Main, Suite 200
P.O. Box 525
Logan, Utah 84323-0525
Phone: (435) 752-1551
Fax:  (435) 752-2295
E-Mail:  mjg@oh-pc.com

BRIAN P. MCCAFFERTY (PA Bar No. 66257)
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile:  (610) 940-0284
E-Mail:  cafstar@aol.com

Attorneys For Plaintiffs

Dated: September 16, 2008